# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JESSE H. SWINSON,

          Plaintiff,

    v.                                  Case No. 03-C-679

MATTHEW J. FRANK,

          Defendant.

## ORDER

Jesse H. Swinson, proceeding pro se, filed a petition for a writ of habeas corpus on July 21, 2003, asserting that his state court conviction and sentence were imposed in violation of the Constitution. He subsequently filed a barrage of motions, seeking among other things, various forms of relief based upon the recent Supreme Court decision of *Blakely v. Washington*, 124 S. Ct. 2531 (2004). (Dockets 31, 34, 37, 38.) Additionally, Swinson sought discovery of "certain documents, notes meeting minutes, emails, policy statements, internal operating procedures, administrative directives and all other materials as initial discovery deems appropriate. (Docket 35.) In an order dated March 18, 2005 (Docket 48), Swinson's "*Blakely*" motions were denied based upon the fact that *Blakely* does not apply to sentencings under Wisconsin law because of the discretion Wisconsin gives the sentencing judges. With respect to Swinson's motion seeking discovery, this too was denied, only on grounds that the information requested was not relevant to

his case. Swinson has now filed a notice of appeal seeking review of my March 18, 2005 order which, since the order is not a final one, I construe as a motion for an interlocutory appeal.

Interlocutory appeals in habeas proceedings, such as this one, are discouraged. Under 28 U.S.C. § 2253, a petitioner may appeal a final order as a right. An appeal from a nonfinal order, however, generally requires a written finding by the district court that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ...." 28 U.S.C. § 1292. *See, e.g., Pace v. Vaughn*, 2002 U.S. Dist. LEXIS 5473 (E.D. Pa. 2002), *Ryan v. Hopkins*, 1996 U.S. Dist. LEXIS 14165 (Neb. 1996). I am unable to make such a finding here.

Petitioner argues that an immediate appeal should be permitted because of the holding in *Blakely*, 124 S. Ct. 2531. This is the same argument raised in his earlier motions. As I stated in my March 18, 2005 order, the law on this issue is clear and the holding in *Blakely* is inapplicable to sentences imposed by the state of Wisconsin that are not governed by mandatory guidelines. Furthermore, Swinson presents no argument suggesting that the law related to his discovery motion is unsettled. Because I conclude that Swinson's motion does not involve a controlling question of law as to which there is substantial ground for difference of opinion, nor would an immediate appeal from the order materially advance the ultimate termination of the litigation, Swinson's motion to file an interlocutory appeal is denied.

Additionally, Swinson has filed a motion entitled "MOTION TO RETRANSMIT ORDER DATED 3/18/05; AND TOLL ANY TIME LIMITS ASSOCIATED WITH RECONSIDERATION AND OR APPEAL THEREOF." I construe this as a motion to excuse the untimely filing of his

2

motion for interlocutory appeal. Pursuant to 28 U.S.C. § 1292(b), a motion for an interlocutory appeal must be filed within ten days of the issuance of the court order being challenged. The order which Swinson seeks to challenge was filed March 18, 2005, thus absent a court order, Swinson's present motion would clearly be untimely. Because I have concluded that Swinson's substantive motion to appeal has no merit, his motion to toll the time limits is also denied.

**IT IS THEREFORE ORDERED** that Swinson's motion for leave to appeal (Docket 52) is **DENIED**.

**IT IS FURTHER ORDERED** that Swinson's motion entitled "MOTION TO RETRANSMIT ORDER DATED 3/18/05; AND TOLL ANY TIME LIMITS ASSOCIATED WITH RECONSIDERATION AND OR APPEAL THEREOF" (Docket 51) is also **DENIED**.

Dated this __9th__ day of June, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge