# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESSE H. SWINSON,
          Petitioner,

v.                                       Case No. 03-C-0679

MATTHEW J. FRANK,
          Respondent.

## ORDER

Petitioner has requested a certificate of appealability, which would enable him to appeal my denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3). Swinson brought nine claims in his habeas petition, four of which I concluded were procedurally defaulted. His current petition for a certificate of appealability lists fourteen separate issues he seeks to appeal. Regardless of how he styles his claims, none of them have enough merit to warrant a finding that reasonable jurists can disagree about the resolution of these issues. As noted, several of the claims were defaulted. His claims based on equal protection, due process, multiplicity, the Ex Post Facto clause, and the Eighth Amendment are unfounded. He also claims that he was harmed by my refusal to allow amendments to his petition. While amendment is sometimes warranted, petitioner ignores the fact that federal habeas review is generally limited to those issues presented to the state courts, and amendment on the basis of "new issues" should therefore be unnecessary. He further claims that changes in the state's parole system violated his rights, but that claim is not cognizable under habeas corpus because even if he is correct, the changes do not mean that his custody or sentence violate the laws or Constitution of the United States. Notably, the case he cites, *Wilkinson v. Dotson,* was brought under 42 U.S.C. § 1983, not a petition for habeas corpus. *See* 125 S.Ct. 1242 (2005). His other claims are simply undeveloped, especially given the stringent standards of review, noted in my decision denying his petition, which require a petitioner to identify a Supreme Court precedent contravened or unreasonably applied by the state courts. *See* 28 U.S.C. § 2254(d). Accordingly, none of his issues merit a certificate of appealability.

**THEREFORE, IT IS ORDERED** that a certificate of appealability is hereby **DENIED**.

A copy of this order will be sent to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino

J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this   7th   day of September, 2005.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge